## No. 1,340.

### CLARA COCHRANE, WIFE, vs. PIERRE G. GIBERT ET ALS.

1. When the title, possession and control of the claimant have all been perfect and complete, on their face, the transaction cannot be treated as such a pure simulation as to maintain a direct action. *Aliter*, in case the seller retains possession and control subsequent to the execution of the act of sale.

2. An unrecorded lease has no effect with regard to third persons and creditors. It conveys no notice to them.

3. When the thing remains in the corporeal possession of the seller, who is supposed to act as owner to the injury of a third person, the rule that the delivery of immovables accompanies their notarial transfer ceases, and the sale is presumed to be simulated and fraudulent.

APPEAL from the Twelfth District Court, Parish of Avoyelles. Coco, J.

---

*A. Barbin, E. North Cullom* and *Joffrion & Bordelon* for Plaintiff and Appellant.

---

*David Todd* and *J. C. Cappel* for Defendants and Appellees.

---

The opinion of the Court was delivered by

WATKINS, J. Plaintiff is the wife of david Sciss, the judment debtor of the defendant, and complains that, under an execution of said judgment, the sheriff has illegally taken, by the direction of the defendant, Gibert, into his possession and has advertised for sale in satisfaction thereof, a certain tract of land in the town of Mansura, and another

tract of land adjacent thereto, with the buildings and appurtenances thereon, consisting of a cotton gin, steam engine, etc., which belong to her and is her separate, paraphernal property.

She avers that she purchased same with her own paraphernal funds, and it is not liable for said judgment against her husband, and she, therefore, enjoins the sale, and claims $250 special damages as counsel fees, with legal interest from judicial demand.

The defendant Gibert, for answer, denies all of plaintiff's allegations and alleges that the whole of the property seized is the property of David Seiss, his judgment debtor, and liable to seizure and sale in satisfaction thereof.

He specially alleges that the sale of said property from David Seiss to Alonzo L. Boyer, for the sum of $2500, on January 16, 1886, and the conveyance of the same property from Alonzo L. Boyer to the plaintiff, on the 29th of December, 1886, for $2000, were simulations, and made for the sole purpose of shielding same from seizure, and of defrauding the respondent. He further avers that at the time of said purported conveyances David Seiss was notoriously insolvent, and that fact was well known to said Boyer and the plaintiff. He also avers that they were without means to make either of said purchases, and that neither of them ever took possession of the property conveyed, but they simply confederated with his judgment debtor to defraud your respondent, and prevent the execution of his judgment against him — Seiss having continuously remained in possession.

He prays the dissolution of plaintiff's injunction with cost.

During the pendency of the suit, the defendant, Gibert, departed this life, and, by proper proceedings, his legal representatives were made parties in his stead.

In an amended answer defendant made claim for special damages of $250, and an additional sum of $250 for attorneys' fees; and also attacked as null and void the judgment of separation of property between plaintiff and her husband, on the ground that same was not duly and legally advertised, and because it was granted in violation of law.

Like judgment is asked against the sureties on plaintiff's injunction bond as against the principal in *solido*, with legal interest.

I.

The defendant's objections to the validity of the judgment of separation between plaintiff and her husband cannot avail, for two reasons: First, because the defendant only became a creditor of

the husband since the judgment was rendered, and, therefore, he cannot contest it except for absolute nullities; second, because failure to advertise is not an absolute nullity. Brown & Larned vs. Smith, 40 Ann. 325.

This objection is without any force, as plaintiff's was only a decree of separation, and for the purposes of this suit the plaintiff's judgment must be given full force and effect. In this view she was capacitated to buy in her own paraphernal right, and free from the community of acquits and gains theretofore existing.

## II.

The principal question for solution is the simulation *vel non* of the conveyances from David Seiss to A. L. Boyer in January, 1886, and that of A. L. Boyer to the plaintiff, in December following. They are both squarely attacked, as fraudulent simulations, begotten of a conspiracy to defraud the defendant as the judgment creditor of plaintiff's husband, a notoriously insolvent person. On this ground alone can a direct seizure of the property be defended and sustained.

It is precisely the same issue that was tendered in the case of Willis vs. Scott, 33 Ann. 1028, in which the court say, "the plaintiff enjoins the seizure  *  *  of immovable property which he claims as belonging to himself, and the seizing creditor defends by asserting that the title of the plaintiff is a fraudulent simulation, and that the property really belongs to the judgment debtor."

In that case this court made a most careful examination into, and research of authorities on this question, and held that the true rule was that when a party held immovable property under proper conveyance, regular in form, and accompanied by possession of the property, the creditor of the vendor could not disregard such muniments of title, and make a direct seizure, but was remitted to a direct action — *aliter* if there had been no actual delivery of possession.

As being of the latter class, this opinion enumerates: 1 R. 31; 5 Ann. 1; 668; 702; 6 Ann. 710; 7 Ann. 89; 10 Ann. 570; 15 Ann. 5, 53, 177; 19 Ann. 153; 29 Ann. 4; 2 Ann. 323, 912; 6 Ann. 716; 12 Ann. 173.

The court concludes with the just observation:

" When the title, *possession and control* of the claimant have all been perfect and complete, on their face, it has never been held in any well considered case, that the transaction could be treated as such a pure simulation as to maintain a direct seizure."

This is now the settled jurisprudence. Consequently it is of first importance for us to inquire whether the plaintiff and her author acquired

perfect and complete possession and control of the property under their conveyances.

The theory of the plaintiff is twofold, in this respect, viz: 1. That A. L. Boyer leased the property to the plaintiff, immediately after his acquisition of it, and that she held the actual possession under it up to the date of his sale to her; and, second, that, as he resided in the vicinity of the property, the only tangible and actual possession he could take was that effected through tenants and agents, as he had done.

In the record there appears a written contract of lease of this property from Boyer to the plaintiff for the year 1886, at the price of $300, it bearing date February 13, 1886; and on the 10th of March, 1886, the plaintiff gave to her husband a power of attorney, which conferred on him, full and complete control of her planting interests.

But the defendant's attorney makes the point that the contract of lease was never recorded, and for that reason same is without effect as to third persons, and creditors, and operated no notice to him as seizing creditor.

It was so decided in Summers & Brannin vs. Clark, 30 Ann. 436, in which the court formulated the rule thus:

"As the lease in this case was not recorded in the conveyance office, the question is not affected by the registry laws. 'All sales, *contracts* and judgments affecting immovable property which shall not be so recorded, shall be utterly null and void, except between the parties thereto.'" C. C. 2266. See also C. C. 2264, which provides: "'No notarial act concerning immovable property shall have any effect against third persons,' unless recorded in the conveyance office. These are negatives pregnant with affirmatives to the effect that contracts 'affecting' or 'concerning' immovables (and therefore leases thereof) will have effect against third persons, if duly recorded; just as sales, mortgages, etc, effect them when recorded. * * But as we have stated, the tenant, Boyd, holds under an *unrecorded lease*, and any payments of rent which he may have made, by anticipation to Clark, are without effect as against creditors, or subsequent purchasers of Clark."

While it is true that the plaintiff did not hold possession in 1886, under a lease from her husband, the judgment debtor of Gibert, but from Boyer as his vendee, yet the effect of the *non-registry* of her lease from Boyer is of like character.

Plaintiff offered it for the purpose of proving, not *her* possession—for at that time she was not owner—but the possession of Boyer, who claimed to be.

We hold that such a contract *unrecorded* did not serve to put the

Cochrane vs. Gibert et als.

creditors of Seiss upon notice of Boyer's possession and control of the property to which he had a conveyance. Such a contract could not have the effect of forcing defendant to a direct action of nullity.

On the other ground the evidence is clear to the effect that David Seiss never lost dominion or control of the property, but that same was at all times physically and really in his possession, and the plaintiff, and her vendor never had either dominion or possession.

Such being the result of this investigation, we are justified in holding that the defendant had the right to make a direct seizure of the property as that of David Seiss, his judgment debtor.

## III.

The judgment debtor not having parted with possession of the property, it is necessary to determine, in the next place, on whom the burden of proof rests, whether on the plaintiff to discharge herself and her vendor from the defendant's charge of simulation, or on the latter to satisfy the court of it by a fair preponderance of proof.

The Code provides that "in all cases when the thing sold remains in the possession of the seller because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and, with respect to third persons, the parties must produce proof that they are acting in good faith and establish the reality of the sale." R. C. C. 2480.

Says the Code : " That possession is called precarious which one enjoys by the leave of another, and during his pleasure." R. C. C. 3556, No. 25.

The evidence leaves us to surmise whether the debtor, Seiss, "reserved to himself the usufruct" of the property, or retained "possession by a precarious title." Nor is it absolutely necessary for us to decide that question; though we are perfectly clear that his possession is of such a character as to require him to "produce proof that he is acting in good faith, and establish the reality of the sale."

For it has been frequently held that " when the thing remains in the corporeal possession of the seller, who is supposed to act as owner to the injury of a third person, the rule, that the delivery of immovables accompanies their notarial transfer, ceases; the sale is presumed simulated and fraudulent, and the creditors may attack it, so long as the corporeal possession continues." 6 O. S. 418; 12 O. S. 254; 17 La. 353; 9 R. 272; 6 Ann. 280; Hen. Dig. p. 1341.

The propriety of such a rule of equity is obvious. In cases where insolvent persons make conveyances of real property, in the presence of

suits against them by their creditors, to persons who accept titles without taking possession, the inference is but a reasonable one that the vendor's interest is the one that is uppermost in the transaction.

How has the plaintiff discharged the burden of proof that rested upon her? In our opinion she has failed utterly. Notwithstanding the grave and serious charges that the defendant preferred against her and her vendor, neither has favored us with any proof of their *bona fides*, or of the payment of the price of sale, or of the reality of the transaction. As we did in King vs. Atkins, 33 Ann. 1064, we may ask the question here, "Why should both defendants fail to appear and testify to the verity of the sale and the payment of the price, if they could truthfully swear to those simple facts and thereby put an end to litigation, involving, not only their means, but, to some extent, their reputations?

"These questions admit of no answer, acceptable to reason, except that if they had testified at all, their statements would not have sustained their defense."

While Boyer has not been formally cited, he has been arraigned and his title assailed as fraudulent and simulated, and as a good citizen, and a gentleman of good business reputation, he was called upon to protect and defend the *bona fides* of the title he had made to the plaintiff, and has not.

We must assume that it was *out of his power* to do so, and that defendants' charges are true.

The judge *a quo* correctly dissolved the plaintiff's injunction at her cost; but we think it was error to allow the defendant damages. Hers is not an injunction against a judgment, but one restraining the sale of specific property as not belonging to the judgment debtor, but to the plaintiff. We must relegate defendant to an action on the plaintiff's injunction bond for damages. Dejean vs. Hubert, 31 Ann. 729; Thompson vs. Lemelle, 32 Ann. 932; Verges vs. Gonzales, 33 Ann. 416.

It is, therefore, ordered and decreed that the judgment appealed from be amended by dismissing, as of nonsuit, the defendants reconventional demand for damages, and as thus amended the same be affirmed, at appellee's cost in this court.